We will move on to the sixth case of the day, Bell v. Vacuforce, the appeal of Mr. Oberhauser. That's appeal numbers 18-1159 and 18-1368. Mr. Oberhauser. Good morning, your honors. May it please the court, my name is Paul Oberhauser for the appellants. This appeal is from two sanctions orders, one issued under Rule 11, the second under 28 U.S.C. 1927. Both orders are predicated on the same legal conclusion of the district court, namely that the defendant Vacuforce's motion for costs was frivolous. We ask that both sanctions orders be vacated because that motion was not frivolous. Now, a motion is frivolous if it is baseless. The motion for costs was not baseless. It argued that Vacuforce was a prevailing party because the district court dismissed it with prejudice. Mr. Oberhauser, can you direct us to any case in the country in which a case was settled and dismissed with prejudice as part of the settlement and a defendant was awarded costs on the theory that you asserted in that motion? I cannot, but there are no cases indicating that a settlement agreement is necessarily a relevant factor in determining prevailing party status. Can you think of a judge in the United States of America who would think the settlement was irrelevant to this question? I can't answer that question. I'm not familiar with all of the judges. But what I can say is that the motion based its argument for prevailing party status on numerous cases. And that section of the motion is actually replicated in Appellant's brief at page 10. It cited five cases that directly support the conclusion that Vacuforce was a prevailing party. And every one of those cases remains valid today. None of them have been overturned. None of those cases were misinterpreted. Did any of them involve a settlement that led to the dismissal with prejudice? I don't believe that any of those cases recite whether or not a settlement was involved one way or the other. This Court's determinations in the cases cited, for example, the Riviera case, state that prevailing party status is determined by whether or not a defendant that is dismissed is dismissed with prejudice or without prejudice. Again, those cases have not been overturned. They were not misrepresented in the motion. So the motion was not baseless. It was not frivolous. And both sanctions orders should be vacated. Now, Mr. Ovenhorser, you've lived with these facts in this case for quite a while. Is it still your position that this case is like Bell v. Lance? This case is like Bell v. Lance in the sense that in both cases, an answer was filed followed by a motion to dismiss with prejudice. And in both cases, the motion to dismiss with prejudice was granted. What about what's in between? Isn't Bell v. Lance different than this case in terms of what was between the beginning and the end? Well, the duration between the answer and the motion to dismiss varied in both cases. But as I argued in the motion for dismiss, in the motion for costs, the common factor between both the cases was the sequence of events, the filing of the answer followed by the motion to dispense. Do you see why the district court would look at them differently? The district court seemed to focus on the fact that, in this case, there was a settlement agreement. But in the Lance case, there was no evidence one way or the other whether or not there was a settlement agreement. Also, in the other cases that were cited in Vaccu-Force's brief, the court seemed to speculate that there was not a settlement agreement in those cases. The simple fact of the matter is that we don't know that. The district court concluded that the motion for costs was frivolous because it was misleading because it did not disclose a confidential settlement agreement that led to the dismissal. And in fact, that settlement agreement had an express confidentiality clause that the plaintiff, Mr. Bell, had proposed. If Vaccu-Force had disclosed that confidential agreement in its motion for costs, it actually would have been breaching the agreement. But regardless, the failure to disclose the settlement agreement in the motion for costs does not make the motion frivolous under Rule 11. Rule 11B3 only requires that factual contentions have evidentiary support. And every factual contention in the motion had evidentiary support. An omitted fact is not a factual contention. Mr. Bell was free to bring up in the settlement agreement in his response, which he did, and Vaccu-Force addressed it in its reply. That's how the adversarial process is supposed to work. Each side cites the facts and cases that support its position. However, omitting a fact from a motion is not the same thing as making a factual contention. And omitting a fact cannot trigger a Rule 11 sanction. So in sum, the motion for costs was not baseless. It was not frivolous. It did not violate Rule 11. Now there's an additional reason why the Rule 11 sanction should be vacated. And that's because it was barred by Rule 11C5B. That section states that monetary sanctions may not be awarded on the court's initiative unless it issues its show cause order before a voluntary dismissal or settlement. Here, the order to show cause was issued seven months after the dismissal. So under your reading of that provision in the Rule, Mr. Overhauser, any violations of Rule 11 that take place after entry of judgment would be invulnerable to court-imposed monetary sanctions. Well, not specifically in judgment, but after a voluntary dismissal or settlement. Yes, Your Honor. That's my reading of it. I think the language of Rule 11C5B is very clear on that. It's a separate independent basis for vacating the Rule 11 sanction. Now, as for the sanction under 28 U.S.C. 1927, a sanction under that requires, quote, objectively baseless, unquote, activity. The district court concluded that the objectively baseless requirement was met because the motion for costs was frivolous. It was not frivolous for the same reasons that I have just mentioned. Therefore, the sanction under 1927 should also be vacated. Unless the court has any further questions, I'll reserve the balance of my time. Thank you, Mr. Overhauser. Ms. Kennedy. Thank you, Your Honors. Good morning. May it please the court and counsel. I'm Maura Kennedy, and I represent the appellee, Richard Bell, in this matter. This is my first time in front of the Seventh Circuit Court of Appeals, and it's a huge honor, but I do wish I was here today on better circumstances. Your Honor, this case closed July 11, 2016. Two years and two months later, we're here because of a frivolous appeal and frivolous filings of Mr. Overhauser. Vacuforce was dismissed from this case because this court's order dated May 23, 2018, stated Vacuforce was not aggrieved by any of the three district court order dates at issue, thus further supporting that this is a frivolous appeal. On July 25, 2016, weeks after the parties had mutually negotiated a settlement agreement and release, and its terms had been carried out, payment had been made, the appellant's counsel, Overhauser, filed an utterly frivolous and misleading motion for attorney fees. Did the motion, Ms. Kennedy, violate the terms of the settlement, and if so, which? The terms of the settlement agreement are a confidential settlement agreement unless attorney fees are at issue. So we do not believe that by Overhauser not mentioning there was a settlement agreement, he wouldn't have violated the terms of the confidentiality clause. That's not my concern. I thought Mr. Overhauser had argued in his brief that in the negotiation of the settlement document, some customary terms which would make it unbelievably crystal clear that a motion for costs or fees would be prohibited had been taken out. Right. And, Your Honor, I filed my appearance days after that. I do believe Mr. Overhauser's client signed the agreement in June, and I filed my appearance and started working on Mr. Bell's copyright cases early July. But by the time I had read the agreement, it did come to our attention that certain clauses had been missing, and we did try to get Mr. Overhauser to have his client sign a different settlement agreement. But the title of the agreement is Settlement Agreement and Release. There were specific terms stating that both parties agree this is settling all copyrights. Do we have that document in our record? Do you have documented the settlement agreement? The settlement agreement, yes. I can get you a copy. If not, I know it has been quoted several times. But whether it can be added at this point is another question. Right. Was it put in front of the district court? Yes, Your Honor. I believe at first it was filed as a sealed document in the district court, and then it was unsealed. The way this appendix is numbered, it's a little difficult to find, but I think I've found it. Okay. With both signatures. I think the page is starting at page 186 of the appendix. Go ahead. Okay. Your Honor, the appellee, Richard Bell, asked that the court affirm the district court's orders on three separate dates, December 13, 2017, January 18, 2018, and February 16, 2018. Because it is not an abuse of discretion, and we do believe that those findings and orders by Senior Judge William Lawrence was appropriate. We're also asking that the court dismiss this frivolous appeal and award Bell costs and attorney fees under 28 U.S.C. 1927. Did you file a separate motion to that effect, Ms. Kennedy? No, it was just mentioned in the opening brief. I don't know if you're familiar with our case law under Federal Rule of Appellate Procedure 38, which specifically requires a motion. And with these kind of drive-by requests at the end of appellee's briefs, we have noted the irony inherent in a party's procedurally improper request that the court sanction an opposing party for failing to comply with other procedural rules. One example of that is a case called Kennedy, but a different Kennedy, 893 F. 3rd at 421 and 22. And, Your Honors, I was hoping to give a brief timeline of the facts, just showing how utterly shocked Mr. Bell, who is also co-counsel and has been an attorney for 40 years, was when Mr. Overhauser filed this frivolous motion for attorney fees. I gather Mr. Bell and Mr. Overhauser have been in litigation in a number of cases related to the photograph in question, correct? Over a number of years now? Yes, Your Honor. Could I ask a curiosity question? If somebody takes a picture from the same perch wherever this one was taken and it's an exact duplicate, is that protected? Well, Your Honor, I'm sorry, I didn't mean to interrupt. No, I mean, that's my curiosity. The photo was taken in 2000, so the skyline has changed quite a bit. So they could not take the photo anymore. Some of the side of the bank of the canal has also changed. There have been some attempts at taking pictures from similar viewpoints, but I don't believe the photo is as beautiful. So it couldn't be duplicated, in other words? No, it could not. How many cases? A hundred? About a hundred. And, Your Honors, this case closed on July 11, 2016. There was an order granting dismissal with prejudice, as stated before, and that was per the terms of the confidential settlement agreement. Yet here we were on July 25, 2016, my first year of litigating federal copyright cases, and Mr. Overhauser files this frivolous motion for fees. Here we are again in Chicago, still arguing over this frivolous litigation, and for Mr. Overhauser to argue that he is the prevailing party is utterly absurd. Honorable William Lawrence found that he did not prevail in this matter whatsoever. In fact, he stated that he capitulated rather than prevailed, and this is an unappealable order. This was dated March 13, 2017. It's known as District Court Docket 21, and this is unappealable because Mr. Overhauser failed to file his notice of appeal within the nine months. He took nine months rather than the requisite federal rule. The March 17 order was against his client, correct? Yes, it was. That doesn't necessarily mean those issues are resolved for all time, for all purposes against Mr. Overhauser personally. Right. Yes, Your Honor, and that's what we're here today to argue, that Mr. Overhauser acted in bad faith here. As you said, not one case in the country can be found. We've looked, stating that after a settlement, a mutually negotiated settlement, an attorney or a party could file a motion for sanction and fees. We've spoken to many people in the field and are utterly shocked and certainly reiterate what Judge Lawrence has said in all three orders at all three dates, and we firmly stand by our belief that Mr. Overhauser's appeal is frivolous. In fact, Mr. Overhauser's actions in this case multiply proceedings unreasonably and vexatiously, and he engages in a serious disregard for orderly process of justice by filing a... Did you want to address, Ms. Kennedy, the argument with respect to Rule 11c-5? Yes, Your Honor. May I have one more minute, I realize? Sure. On May 23, 2018, this court, the way that both my client and myself read your order, we read it in a way that Rule 11 sanctions were not up for argument anymore. Our interpretation was today's hearing would only be about, you know, the December 13th, January 18th, and the February 16th orders that have already been granted by Judge Lawrence and should be subject to the abuse of discretion standard. All right. Thank you. Thank you. Rebuttal, Mr. Overhauser. Thank you, Your Honor. Your Honor's inquired about the settlement agreements in this case, and there are actually three versions of them that are in the record. I assume that there's an authoritative version. Yes. The first version was the version proposed by Richard Bell originally, which I think is at Appendix 1-144. A second version is at 1-162, and that is probably the one that will be of most interest. What that shows are the differences between what was originally proposed by Mr. Bell and what wound up being signed. The version that you identified, which is at 1-186, is the version that has the signatures. The comparison version, the one that's in the middle at the Appendix 1-162, is, I think, the most important one. What it reveals is that in the course of negotiating the settlement, Vacuforce preserved its rights to seek attorney's fees in this case. It did that because the changes that it negotiated eliminated the requirement that Vacuforce itself pay anything to Mr. Bell, it eliminated the release by Vacuforce of Mr. Bell, it eliminated a covenant not to sue by Vacuforce, it eliminated a statement that both parties to the agreement would bear their own attorney's fees, it eliminated a statement that the agreement represented a complete and final settlement of the claims. A further modification was that it added the specific form of the motion to dismiss that Mr. Bell was required to file with the court, and that specific form of motion to dismiss stated that the dismissal would be with prejudice and it was silent as to costs. That text allowed Vacuforce to preserve its right to seek to recover its costs. Therefore, it had every right to do so. Its motion was not baseless, consequently it was not frivolous, and both sanctioned orders should be vacated. Thank you, Mr. Oberhauser. The case is taken under advisement.